# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CAESAR R. BANKS,**

      **Plaintiff,**

  v.                                              Case No. 12-CV-1063

**SANDY FENDT,**

      **Defendant.**

## DECISION AND ORDER

Defendant has filed a motion to compel plaintiff to provide a signed medical information authorization or, in the alternative, to dismiss the case. Defendant seeks all of plaintiff's Wisconsin Department of Corrections medical records, including psychological, counseling, and psychiatry records. Plaintiff contends that defendant has failed to show that the discovery request would lead to the discovery of any admissible evidence in this case. According to plaintiff, this is not a case of inadequate medical care but rather a case about a nurse coming to work drunk and telling an outright lie, an incident for which she was later fired, and that nothing in his medical records would justify defendant's behavior. He further asserts that defendant's contention that he needs the medical records for the issue of damages is without merit because he does not need to prove damages other than the constitutional violation itself.

This case is based on a claim for deliberate indifference to a serious medical need. In general, parties may obtain discovery regarding any matter which is relevant, pursuant to Federal Rule of Civil Procedure 26(b)(1). Relevant information need not be admissible

at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id.

Here, plaintiff's Wisconsin Department of Corrections medical records are relevant to his medical-care claim.  Moreover, plaintiff claims that he experienced prolonged pain and suffering after the incident and he seeks compensatory damages.  Thus, defendant's request to review plaintiff's medical records is reasonable.  This does not mean that all of the medical records will be admissible.  However, plaintiff has placed his medical condition at issue in this case and, therefore, defendant is entitled to conduct discovery related to his medical records.  Accordingly, defendant's motion to compel will be granted.

Plaintiff has filed a motion to compel.  He asks the court to direct the Warden of Fox Lake Correctional Institution to provide him with a legal loan so that he may litigate this case.  However, the warden is not a defendant to this case, and so I may not order him to provide the plaintiff with a legal loan.  Therefore, plaintiff's motion to compel will be denied.

**IT IS THEREFORE ORDERED** that defendants' motion to compel (Docket #22) is **GRANTED**.  Plaintiff shall submit a signed medical authorization to counsel for defendant by **June 14, 2013**.  If plaintiff fails to do so, this case may be dismissed.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #31) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2013.

                                      s/ Lynn Adelman
                                      _____
                                      LYNN ADELMAN
                                      District Judge