# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CEASAR R. BANKS,**

    **Plaintiff,**

v.                                                                                           Case No. 12-CV-1063

**SANDY FENDT,**

    **Defendant.**

## ORDER

Plaintiff has filed a motion for reconsideration of the court's April 5, 2013 order denying his motion for appointment of counsel and the court's June 7, 2013 order denying his motion to compel the Warden of Fox Lake Correctional Institution to provide him with a legal loan. Plaintiff asserts that he is indigent and has no money to pay for postage, copies, or paper to draft motions. He further asserts that if defendants filed a motion today this case would be dismissed for failure to prosecute because he would be unable to respond to the motion. According to plaintiff, he has placed himself in segregation so that he will receive one stamped envelope each week to mail documents and he also receives envelopes from other inmates occasionally.

I denied without prejudice plaintiff's motion for appointment of counsel because, based on the nature of the case and the quality of his filings, he appeared capable of proceeding on his own. I denied his motion to compel because the Warden is not a defendant to this case, and so I may not order him to provide plaintiff with a legal loan. Plaintiff's motion for reconsideration does not change the applicability of these conclusions and therefore, his motion will be denied.

However, with regard to plaintiff's indigence and access to materials to litigate this case, I note that "indigent inmates must be provided at state expense" with the basic material necessary to draft legal documents and with stamps to mail them. Gaines v. Lane, 790 F.2d 1299, 1308 (7th Cir. 1986) (quoting Bounds v. Smith, 430 U.S. 817, 824 (1977)). If plaintiff does not have the means to buy them himself, prison officials must provide those supplies that are essential for litigating his case. Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir. 1995) ("Part of meaningful access is furnishing basic scribe materials for the preparation of legal papers . . . . Of course, prisoners are not entitled to limitless supplies of such materials, merely to that amount minimally necessary to give them meaningful access to the courts").

On July 1, 2013, plaintiff filed a motion for a 45-day extension of time for discovery so that defendants may timely respond to his June 16, 2013 First Set of Interrogatories and Request for Production of Documents and his June 25, 2013 Second Request for Production of Documents. Under the Scheduling Order, the deadline for the completion of discovery was July 5, 2013, and plaintiff's requests were therefore untimely because they did not provide defendants with thirty days to respond. See Fed. R. Civ. P. 33, 34. Plaintiff asserts that he was delayed in submitting his discovery requests due to several hand surgeries and his indigence. Upon due consideration, I find plaintiff's request reasonable and will extend the time for discovery so that defendants may timely respond to the requests. Revised deadlines for the completion of discovery and filing dispositive motions are set forth below.

On July 24, 2013, defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). A party may move for a judgment on the

pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standards as a Rule 12(b)(6) motion to dismiss. United States v. Wood, 925 F.2d 1580, 1581 (7th Cir. 1991). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

      I screened the complaint on December 12, 2012, and determined that plaintiff stated an Eighth Amendment deliberate indifference to a serious medical need claim based on complaint allegations that defendant Nurse Fenet deliberately reported that his blood pressure was lower than it actually was, and that she appeared drunk at the time. Plaintiff asked Nurse Fenet to take his blood pressure again but she refused. After plaintiff reported the incident to a third shift officer, the officer called another nurse to take his blood

pressure and it was found to be significantly higher than Nurse Fenet had stated. Two nurses then worked with plaintiff for about for about four hours to lower his blood pressure and advised him that if he had returned to his cell with such a high blood pressure, he might have died in his sleep or had a stroke.

Defendant contends that the complaint fails to state a claim under the Eighth Amendment because plaintiff received medical treatment within ten minutes of the onset of symptoms and that he cannot show he was harmed by any delay. Defendant further contends that plaintiff fails to state a claim since he failed to show actual harm based on defendant's actions.

Prison medical staff will be liable under the Eighth Amendment if they intentionally disregard a known, objectively serious medical condition that poses an excessive risk to an inmate's health. Farmer v. Brennan, 511 U.S. 825, 837 (1994); Grieveson v. Anderson, 538 F.3d 763, 775 (7th Cir. 2008); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Here, it is plausible that defendant's alleged refusal to retake his blood pressure after her alleged deliberate false report of the level, together with her alleged apparent drunkenness, caused him additional pain and suffering despite the fact that another nurse was promptly called to retake plaintiff's blood pressure. At this stage, the pro se plaintiff is only required to state a claim plausible claim for relief. See Arnett v. Webster, 658 F.3d 742, 751-52 (7th Cir. 2011) (citation omitted). A claim has plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Plaintiff has satisfied this standard and, therefore, defendant's motion for judgment on the pleadings will be denied.

4

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket 37) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Scheduling Order is amended as follows: the deadline for the completion of discovery is **September 15, 2013**, and the deadline for filings dispositive motions is **October 18, 2013**.

**IT IS FURTHER ORDERED** that defendant's motion for judgment on the pleadings (Docket 39) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time (Docket 41) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 8th day of August, 2013.

s/ Lynn Adelman

LYNN ADELMAN
District Judge